UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CINCINNATI INSURANCE COMPANIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> TENNESSEE LOG HOMES, INC and ) <br> DENNIS AND LAURIE SMITH, ) <br> ) <br> Defendants. ) | No. 1:05-CV-7 <br><br> Judge Curtis L. Collier |
| TENNESSEE LOG HOMES, INC, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CINCINNATI INSURANCE COMPANIES, ) <br> ) <br> Counter-Defendant. ) <br> ) | |

## **M E M O R A N D U M**

Before the Court is Defendant Tennessee Log Homes, Inc.'s ("Defendant" or "TLH") Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings (Court File No. 30) and Cincinnati Insurance Companies' ("Plaintiff" or "Cincinnati") Response (Court File No. 33). For the following reasons, the Court will **GRANT** Defendant's motion to stay the proceedings.

**I.      PROCEDURAL BACKGROUND AND RELEVANT FACTS**

    **A.      Wisconsin State Litigation**

In August 2002, Dennis and Laurie Smith ("Smiths") filed suit against TLH along with some

other defendants in a Wisconsin state court. TLH gave the Complaint to Plaintiff, its insuror, which decided to defend. The Smiths' dispute with TLH was stayed and submitted to binding arbitration. On September 10, 2004, the Arbitrator found TLH liable in the amount of $139,000 (Court File No. 1, Exh. D, p. 7). This award was made into a Judgment against TLH by the Wisconsin state court. On December 2, 2004, the Smiths amended their complaint seeking damages from Cincinnati because Cincinnati issued two insurance policies to TLH that allegedly indemnifies TLH for losses sustained from the actions and/or failures of TLH (Court File No. 30, Exh. A, p. 2). Cincinnati filed a summary judgment motion on July 15, 2005 (Court File No. 30, Exh. B) arguing any further indemnification of TLH was excluded by the relevant language in the insurance policies. According to Cincinnati, TLH also filed a motion to stay the Wisconsin proceedings (Court File No. 33, p. 1).

  **B.** **Tennessee Federal Litigation**

Cincinnati filed suit in this Court against TLH and the Smiths on January 18, 2005 seeking a declaratory judgment. Cincinnati contends it is not required to pay or indemnify TLH anymore than it already has from the judgment entered against TLH in Wisconsin (Court File No. 1). On July 15, 2005, Cincinnati filed a summary judgment motion (Court File No. 27). TLH filed a motion to dismiss on abstention grounds or in the alternative to stay the proceedings (Court File No. 30).

  **C.** **Log Home Dispute**

The current lawsuit arises from a log home package purchased from TLH by the Smiths. The Smiths attended a home construction seminar presented by TLH in Gatlinburg, Tennessee, and became interested in purchasing a log home. Pursuant to a purchase agreement dated March 27, 2001 and April 12, 2001, the Smiths agreed to purchase supplies for the home from TLH (Court File No. 1, Exh. C, pp. 14-15). After entering into the purchase agreement with TLH, the Smiths entered

2

into a contract with Douglas Lloyd providing Diversified Construction Services, Inc. ("Diversified") would assemble and construct the log home in Wisconsin. Construction started and proceeded slowly. The log home did not meet specifications rendering the home uninhabitable. The defects were allegedly so serious the defects could only be corrected if the home was torn down and reconstructed (*see* Court File No. 1, Exh. C).

At the time in question, TLH was insured by Cincinnati under a general liability policy and an umbrella policy. The agency issuing the policies, Insurance Incorporated of Athens, and TLH's principal office are located in Athens, Tennessee. Cincinnati agrees it is responsible for some of Diversified's errors and accordingly has paid $44,000 in partial satisfaction of the arbitrator's award (Court File No. 29, p. 4-5). However, Cincinnati reads the insurance policies to exclude coverage for the rest of the judgment entered against TLH based on the policies' exclusions (*Id.* at 12-13).

## II. DISCUSSION

Defendant requests the Court to abstain from hearing this case. Defendant believes the following factors favor abstention: (1) no questions of federal law are present; (2) relevant facts must be obtained from witnesses in Wisconsin; (3) the Wisconsin Court obtained jurisdiction first and the proceedings have progressed further in Wisconsin; (4) a Cross-Claim against Diversified and Douglas Lloyd seeking payment or reimbursement of the arbitrator's award is pending in Wisconsin; (5) if abstention is not granted, TLH would be required to defend two lawsuits involving the same issues (Court File No. 30). Defendant cites *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) in support of its motion to dismiss. Under *Colorado River*, district courts must point to "exceptional

3

circumstances" to justify staying or dismissing but under *Brillhart* district courts have "broad discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281, 283 (1995). Since the current action is a declaratory action where no federal law is involved whatsoever, *Brillhart* provides the applicable standard.[1] *Id.* at 289.

In *Brillhart*, an insurer brought suit pursuant to the Declaratory Judgment Act to determine its liability on an insurance contract. The district court dismissed the action because the insurer was a defendant in state garnishment proceedings. The Court of Appeals reversed, finding the district court abused its discretion. The United States Supreme Court reversed the Court of Appeals and held district courts have great discretion in determining whether to entertain an action under the Declaratory Judgment Act. With respect to pending state court actions, the Court explained:

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Id.* at 495. The district court's determination of whether to stay or dismiss a declaratory action in

---

[1] Even under the more exacting *Colorado River* standard, this court could still find abstaining the appropriate course. When applying *Colorado River*, this Court must consider eight factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (citations and quotations omitted). Briefly stated, factors three, four, five, six, and eight weigh in favor of abstention, the most important in this case are the avoidance of piecemeal litigation and the possibility of contradictory rulings on the same claim, the complete absence of claims based on federal law, and the adequacy of the state court, which has concurrent jurisdiction over all of Plaintiff's claims, to protect the federal plaintiff's rights.

4

favor of parallel state proceedings involves, among other things, examination of "the scope of the pending state court proceeding and the nature of defenses open there." *Id*. In examining the scope of the state court litigation the court should consider, *inter alia*, (1) whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding; (2) whether necessary parties have been joined in the state proceeding; and (3) whether such parties are amendable to process in the sate proceeding. *Id*.

In applying *Brillhart* and later Supreme Court cases, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has developed a five-factor test to determine when a district court should exercise jurisdiction:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). The Court will consider each of these factors in turn.

### 1. Whether the judgment would settle the controversy

A declaratory judgment in this case would not fully settle the controversy. The underlying action involves more parties and claims than the federal action. While it may be true that a judgment in the federal action would settle any remaining controversy between the Smiths, TLH, and Cincinnati, a judgment would not settle a cross-claim, pending in Wisconsin, against Diversified and Douglas Lloyd for reimbursement of the arbitrators award (Court File No. 30, Exh. D, p. 5) or other

5

claims made by the Smiths in the state action. However, since the state court has already found TLH liable, much of the remaining controversy concerning the scope of coverage would be settled by a declaratory judgment in this Court. Therefore, this factor only slightly favors abstention.

> **2. Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue**

The usefulness of this case is ultimately a determination of whether Cincinnati must indemnify TLH. If this Court concluded TLH is not covered by the policies, Cincinnati would not have to indemnify TLH in the Wisconsin litigation. However, the usefulness of the federal litigation is undercut by the presence of the Wisconsin litigation which was instituted first and has the indemnity issue as well as other issues pending before it. *See Int'l Ass'n of Entrepreneurs v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) ("the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action.") Also, a declaratory judgment in this case would not fully speak to the underlying state case. *See Grand Trunk W. R.R. Co. v. Consol.*, 746 F.2d 323, 326 (6th Cir. 1984). Further, although it is not entirely clear because a judgment has been entered against TLH, there may be some issues in this case that could not be meaningfully resolved in light of facts not yet determined by the state court. *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990). Thus, this factor weighs in favor of abstention.

> **3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"**

There is no evidence of procedural fencing or a race for res judicata[2] in this case. Tennessee

---

[2] This case is clearly not one where the declaratory plaintiff heard it might be getting sued and then races to a forum of its choice. *See, e.g. Amsouth Bank v. Dale*, 386 F.3d 763, 789-90 (6th Cir. 2004) (finding procedural fencing where declaratory plaintiff filed suit after making the other

law appears to be involved in resolving the issues before this Court which sits in Tennessee. The agency issuing the insurance policies, Insurance Incorporated of Athens, is located in Tennessee and the policies were delivered to a Tennessee corporation, TLH. Further, the purchase agreement was entered into in Tennessee and it has a Tennessee choice of law provision (Court File No. 33, p. 2). Therefore, the Court does not believe procedural fencing is present in this case. Accordingly, the third factor weighs against granting TLH's motion.

### 4. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction

The Wisconsin court has had jurisdiction for a much longer period of time than this Court so the potential for encroachment upon the Wisconsin court's jurisdiction is large. *See Hartford Fire Ins. Co v. AutoZone, Inc.*, 312 F. Supp. 2d 1037, 1042 (W.D. Tenn. 2004). In the last three years, the state court has become familiar with the facts and is in a better position to decide the indemnity question than this Court. *See Mercier*, 913 F.2d at 278 (concluding the state court deciding the underlying tort action would be in a superior position to determine the indemnity issues); *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986) (stating "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court."). Further, no federal common law or federal statutory law is called into question in this declaratory judgment action. *Scottsdale Ins. Co.*, 211 F.3d at 968. Thus, the fourth factor weighs in favor of abstaining.

### 5. Whether there is an alternative remedy which is better or more effective

---

side believe pre-suit settlement was possible). Here, Cincinnati defended TLH and only filed a declaratory judgment action after judgment was entered against TLH and the Smiths' fourth amended complaint named Cincinnati as a defendant.

7

Case 1:05-cv-00007   Document 38   Filed 09/30/05   Page 7 of 9   PageID #: 7

Generally, the Sixth Circuit "considers a separate civil action in state court on...indemnification to be an alternative remedy that is better and more effective than a declaratory action in federal court." *N. Ins. Co. v. Addison Products, Inc.*, 148 F. Supp. 2d 859, 863 (E.D. Mich. 2001) (citing *Mercier*, 913 F.2d at 278; *Manley, Bennett, McDonald & Co.*, 791 F.2d at 462-63; *Amer. Home Assurance Co. v. Evans*, 791 F.2d 61, 62 (6th Cir. 1986) (parentheticals omitted)). Efficiency concerns in this case lean towards adjudication in Wisconsin. The parties have already completed a significant amount of litigation in Wisconsin and repeating some of the same litigation here would be a waste of their resources. Also, the exact same issues are currently before each court and there is no guarantee the courts will reach the same conclusion. *Hartford Fire Ins. Co.*, 312 F. Supp. 2d at 1042. Therefore, factor five weighs heavily in favor of abstention.

      **6.     Weighing all of the factors**

The Court must determine which action, state or federal, "will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict." 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2758, at 530-31. In this case, the Court concludes the best place for adjudication of the indemnity issues is in Wisconsin. Although this Court has the authority and discretion to hear this case, considering each of the above factors, it chooses not to. *Wilton,* 515 U.S. at 288 (stating "[c]onsistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *Brillhart*, 316 U.S. at 495 (stating "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a

declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.").

IV. **CONCLUSION**

For the reasons stated above, the Court will **GRANT** Defendant TLH's motion to dismiss (Court File No. 30).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**